THESE were actions of ejectment.
The following case stated was agreed upon by the parties: —
James McGlaughlan was seized and in possession of a farm in fee, which was levied on by virtue of execution process against him, and Sold on the 25th of January, 1851, to John Sharpley; the sale was confirmed at the May term, 1851, and a deed was made by the sheriff on the 21st of June. James McLaughlen died June 12, 1851. The defendant, Bridget McGlaughlan, is his widow, and remained on the premises after his death.
An application was made to the court at the term to which the *Page 374 
sale was returned and confirmed, on behalf of the purchaser, for a writ of possession; which was refused. Whereupon, the purchaser brought ejectment against the widow and the other defendants, who were tenants of the premises. It was admitted that Mrs. McLaughlan was entitled to dower in the premises, and that it had not been assigned to her.
Mr. Patterson. — The question is, whether the purchaser at sheriff's sale on execution process, is entitled to recover possession of the premises, in the action of ejectment, against the widow of the defendant, she being entitled to dower, but no proceedings having been taken for the assignment of dower.
The action of ejectment is a substitute for all the English remedies for recovery of possession of lands wherein an entry may be made. (Digest, 170.) Any one having the right of entry may enter at any time within twenty years from the time his title accrued. (Ibid, 396.) If this be not a proper remedy in the present case, there is none. A purchaser under execution takes all the title of the defendant. The right to the possession as well as the right to the freehold, passes by the sale. (Ibid, 205; 2 Harr. Rep., 339.) The purchaser at sheriff's sale is regarded as the alienee of the defendant. On a sale, the defendant being in possession, is not entitled to notice to quit. (7 B.Mun. Rep., 258.) A dowress is not entitled to the possession, until dower is assigned. (2 Harr. Rep., 333.) At common law she had her "quaranteen," the right to remain in the principal mansion for forty days; she might, after the lapse of that time, be put out by the heir, without assigning dower. (8 U. S. Digest, 111; 8 Kelly, 207.) The widow has no estate until the assignment, and no right to the possession. When dower has been assigned, the widow can maintain an action for the possession. (20 Johns. Rep., 412; 17 Ibid, 166.) Dower cannot be recovered in an action of ejectment, until it is assigned. (7 Johns.Rep., 246.) The New York statute and magna charta are the same; the widow is entitled to her quaranteen, but she may be expelled the possession thereafter. (16 Mass. Rep., 193; 2 Cowen Rep., 638.) In this State the widow has no right to the possession of intestate land until assignment, as against either the heir or the alienee of her husband. The sale by the sheriff entitled the purchaser to possession; and on obtaining a deed, this right relates to the day of sale. The husband, therefore, did not die seized; and his widow had on no ground the right to the possession. *Page 375 
 Mr. Wales cited 3 Wils. Rep., 519, and contended that the right of dower was paramount to any act of the husband, or any right derived from him. It is a favored right; a right of which she was in possession upon the death of her husband, not only in her own right, but as guardian for her children.
He contended that the widow was a tenant in common with the purchaser, subject to partition under the act of assembly, and not liable to be expelled by the action of ejectment.
 Judgment for plaintiff.